United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVER KARAFILI, | No. C 15-2121 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| J. CRUZEN; et al., | |
| Defendants. | |

## INTRODUCTION

Enver Karafili, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. This case is now before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following. Enver Karafili is required by his Al-Islam religious beliefs to pray five times each day at specified times. Docket # 1 at 8. At San Quentin, Muslim prisoners received permission to participate, during open dayroom time, in "congregation prayer in groups of no more than fifteen (15) prisoners at a time." *Id.* at 9. Despite having received permission to gather to pray, Karafili and other Muslim prisoners were disrupted in their group prayer one day. On July 25, 2014, correctional sergeant J. Cruzen, and correctional officers C. Caldera, R. Christensen and D. Ogle interrupted the group prayer in which Karafili and 14 other Muslims were engaged, requiring the prisoners to end their prayers

and separate without completing their prayer service. The complaint also alleges that, although they disrupted the Muslim group prayer service, defendants allowed Christian group prayer services to continue without disruption.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The First Amendment guarantees the right to the free exercise of religion. In order to show a violation of the Free Exercise Clause of the First Amendment, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). The First Amendment also prohibits the establishment of a religion by the government. The Supreme Court has interpreted the First Amendment's Establishment Clause to mean that the government may not promote or affiliate itself with any religious doctrine or organization and may not discriminate among persons on the basis of their religious beliefs and practices. *See County of Allegheny v. ACLU*, 492 U.S. 573, 590 (1989); *see generally Hartman v. California Dep't of Corr.*, 707 F.3d 1114, 1126 (finding Establishment Clause claim where prison officials had created staff chaplain positions for five conventional faiths but failed to use neutral criteria in deciding whether a growing minority religion warranted a reallocation of resources). Giving

it the liberal construction to which it is entitled, the *pro se* complaint states cognizable claims for a violation of Karafili's rights under the First Amendment's Free Exercise Clause and Establishment Clause.

Prisoners' religious freedoms also are protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA claim, the plaintiff-prisoner must show that the government has imposed a substantial burden on his religious exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). Liberally construed, the *pro se* complaint states a cognizable claim for a violation of Karafili's rights under RLUIPA.

Karafili also alleges that his right to equal protection was violated because he was treated less favorably than prisoners of other religions in that their services weren't similarly disrupted. The complaint, liberally construed, states a cognizable claim against defendants Cruzen, Caldera, Christensen and Ogle for a violation of Karafili's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause's command is "essentially a direction that all persons similarly situated should be treated alike.")

Karafili further alleges that defendants' disruption of his prayers was in retaliation for him engaging in his First Amendment right to practice his religion freely. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Giving the *pro se* complaint the liberal construction to which it is entitled, Karafili has stated a cognizable retaliation claim against defendants Cruzen, Caldera, Christensen and Ogle.

Finally, Karafili purports to bring the action on behalf of himself and other similarly situated inmates. *See* Docket # 1 at 5, 6. As an unrepresented litigant, Karafili has no authority to represent anyone but himself. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). The class action allegations are dismissed.

**CONCLUSION**

1. Liberally construed, the complaint states cognizable § 1983 claims against defendants J. Cruzen, C. Caldera, R. Christensen, and D. Ogle for violations of Karafili's rights (a) under the First Amendment's Free Exercise Clause and Establishment Clause, (b) under RLUIPA, (c) under the Fourteenth Amendment's Equal Protection Clause, and (d) to be free of retaliation for engaging in activity protected by the First Amendment.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon the following defendants, all of whom apparently work at San Quentin State Prison:

    -correctional sergeant J. Cruzen
    -correctional officer C. Caldera
    -correctional officer R. Christensen
    -correctional officer D. Ogle

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 11, 2015**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide

4

to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 8, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 22, 2015**.

    4.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

    5.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to

5

counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 22, 2015

_____
SUSAN ILLSTON
United States District Judge